Filed 10/4/16  P. v. Breazell CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LEON O'FARRELL BREAZELL,<br><br>Defendant and Appellant. | F069941<br><br>(Super. Ct. No. MCR044192)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Joseph A. Soldani, Judge.

Peter J. Boldin, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

Leon O'Farrell Breazell was found guilty of illegal possession of ammunition. After reviewing the record, appellate counsel could not identify any arguable issues.  We

---

[*]     Before Detjen, Acting P.J., Franson, J. and Smith, J.

have thoroughly reviewed the record and concur there are no arguable issues. Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

At one point, Breazell had three different complaints pending which were consolidated upon motion by the prosecutor. The first amended consolidated complaint appears to contain six causes of action, all drug or firearm offenses, and numerous enhancements.[1]

Breazell filed two separate motions to suppress evidence pursuant to Penal Code section 1538.5,[2] contending in both motions the evidence seized was obtained as a result of an illegal search. The trial court heard the motions to suppress in conjunction with the preliminary hearing. After argument by the parties, the trial court granted both motions.

As a result of the trial court's ruling, the information contained only two causes of action, both arising out of the same incident. Count one charged Breazell with being a felon in possession of a firearm (the firearm count). (§ 29800, subd. (a)(1).) Count two charged him with being a felon in possession of ammunition (the ammunition count). (§ 30305, subd. (a)(1).) Both counts alleged Breazell had served two prior prison sentences within the meaning of section 667.5, and he committed both offenses while on bail or released on his own recognizance.[3]

Prior to trial, Breazell moved to require the prosecutor to disclose the identity of the confidential informant who provided the police with the information which was used to obtain a search warrant. During the search, the officers discovered the firearm and

---

[1]     The first amended consolidated complaint contains causes of action labeled 1, 2, 3, 7, 8, and 9. It is unclear if there was causes of action 4, 5, and 6 that simply do not appear in this record. As shall appear, the discrepancy, if any, is not significant.

[2]     All statutory references are to the Penal Code unless otherwise stated.

[3]     The information also includes a 1998 conviction for violation of section 529. This allegation was dismissed during the trial when it was determined the conviction was not Breazell's.

ammunition which forms the basis for the charges against Breazell. After an in camera hearing, the trial court denied the motion, but ordered a redacted portion of the sealed portion of the search warrant application disclosed to both parties.

After pretrial motions and prior to jury selection, Breazell made a motion for new appointed counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). The trial court denied the motion. Once the trial court denied his *Marsden* motion, Breazell made a request to represent himself pursuant to *Faretta v. California* (1975) 422 U.S. 806 (*Faretta*), but quickly changed his mind when the trial court informed him he would not be granted a continuance to prepare for trial.

Also prior to trial, as a tactical decision, Breazell admitted he was on bail when he allegedly committed the charged offenses.

The testimony was limited to three witnesses. Madera County District Attorney Investigator Luis Carrillo testified that Breazell was convicted of four felonies for the purpose of establishing that Breazell was prohibited from possessing firearms or ammunition.

Olga Patricia Patrick, a correctional case records supervisor for the California Department of Corrections, testified that Breazell served two prior prison terms for his felony convictions.

Madera Police Officer Jerry Smith testified that in the process of searching the residence occupied by Breazell he located ammunition and a TEC-9 assault weapon. He also located envelopes and other items which indicated Breazell's occupancy of the bedroom. Smith test fired the weapon and determined it was operable, however it was missing a part that made moving the slide back to chamber a round difficult. The firearm and ammunition were entered into evidence, as were five pieces of mail with Breazell's name on them.

After being read his constitutional rights pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436, Breazell told Smith a cousin had brought the firearm to his residence, but he did not think it was operable. He also admitted he possessed the ammunition.

Breazell testified in his defense. He began by explaining his military background to establish his familiarity with weapons. He testified the weapon at his residence came out of a trash can and was inoperable. A family member had brought it to his house for Breazell to examine, and after he determined it was unusable as a weapon he forgot about it. He admitted he had some ammunition "floating around" his residence, but there were not any weapons that could fire the ammunition. He claimed he did not realize the firearm had been left in the residence by his relative.

Closing arguments focused on the elements of the crimes. The prosecutor argued the elements of each crime were proven beyond a reasonable doubt. Defense counsel focused on the condition of the firearm and argued it did not appear to be operational, thus Breazell did not violate the law. He also argued Breazell did not know the ammunition was in the house.

The jury could not reach a verdict on the firearm count, but found Breazell guilty of possession of ammunition by a felon. The jury also found both prior prison term enhancements true. The trial court sentenced Breazell to the aggravated term of three years in prison for the ammunition count, plus two years for the prior prison term enhancements, for a total term of five years in prison.[4] The prosecution dismissed the firearm count.

---

**4** Breazell had another case trailing this case. That case was the one on which Breazell was on bail when the ammunition offense was committed. Pursuant to section 12022.1 (the on bail enhancement) the trailing case would be the primary offense. Since the primary offense did not result in a conviction, the on bail enhancement could not be imposed. (§ 12022.1, subd. (d).)

## DISCUSSION

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 asserting that after reviewing the record, he could not identify any arguable issues. After a thorough review of the record, we agree there are no arguable issues in this case.

The evidence at trial was straightforward. The prosecution contended the ammunition and firearm were found in Breazell's residence, while defense counsel contended the firearm was not operational and Breazell did not know the ammunition was there. The closing arguments focused on the elements of the crimes. The parties agreed to the jury instructions. The trial court acted well within its discretion in imposing sentence, and in denying Breazell's *Marsden* motion.

By letter dated September 17, 2015, we invited Breazell to inform this court of any issues he wished us to address. Breazell responded to our letter raising several issues. First, he attempts to litigate the validity of the search warrant which resulted in the discovery of the ammunition which was in his possession. The record reflects that defense counsel filed a motion to disclose the identity of the confidential informant and to quash the search warrant. After an in camera hearing, the trial court denied the motion to disclose the identity of the confidential informant, but did order a redacted portion of the search warrant disclosed. After reviewing the information provided, defense counsel withdrew the motion to quash, concluding the motion was without merit. Breazell's attempt to litigate this issue on appeal is not an issue properly before this court because he failed to raise the issue at any point before conviction. (§ 1538.5, subd. (m); *People v. Davis* (2008) 168 Cal.App.4th 617, 629.)

Similarly, Breazell seeks to obtain additional documentation related to the *Marsden* hearing, and his decision not to represent himself. We are unsure which documents to which Breazell is referring, but the record of the hearing appears to be complete, as is his withdrawal of the request to represent himself. He also requested

5.

production of his *Faretta* declaration, which the record suggests was never filed with the court.

Breazell does raise one issue which we can address. He asserts that once he decided to represent himself, he was entitled to a continuance. A motion made pursuant to *Faretta* may be denied if it is made after trial has commenced and would necessitate a continuance. (*People v. Clark* (1992) 3 Cal.4th 41, 110, overruled on other grounds in *People v. Pearson* (2013) 56 Cal.4th 393, 461-462.) Therefore, the trial court did not abuse its discretion when it refused to continue the trial if Breazell decided to represent himself.

Finally, Breazell is apparently dissatisfied with defense counsel for withdrawing the motion to quash the search warrant. This decision was a tactical decision made by defense counsel, and is supported by the record. Defense counsel reviewed the disclosed portion of the search warrant, which said, in essence, the confidential informant met with Breazell and purchased illegal drugs. Concluding the motion to quash lacked merit, defense counsel decided to withdrawal the motion. Tactical decisions such as this based on an informed decision and strategy are within the discretion of the trial attorney. (*In re Lucas* (2004) 33 Cal.4th 682, 721-722; *People v. Davis, supra,* 168 Cal.App.4th at p. 631.) Moreover, a disagreement on trial tactics is not grounds for substitution of counsel. (*People v. Williams* (1970) 2 Cal.3d 894, 905.)

Breazell also accuses Smith of tampering with evidence, a charge he asserts Smith admitted to on the record. Our review of the record did not reveal any evidence that Smith tampered with the firearm. Smith admitted that he test-fired the firearm, and that before he did that he and the range master cleaned it to minimize the possibility of a misfire. This is not proof of tampering with evidence. Moreover, the firearm count was dismissed, so Breazell could not have suffered any possible prejudice.

## DISPOSITION

The judgment is affirmed.

6.